IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GLAXOSMITHKLINE CONSUMER
HEALTHCARE, L.P. AND SMITHKLINE
BEECHAM CORPORATION d/b/a
GLAXOSMITHKLINE,

    Plaintiffs and Counterclaim Defendants,

vs.

ICL PERFORMANCE PRODUCTS, LP,

    Defendant and Cross Defendant,

and

BAY VALLEY FOODS, LLC.,

    Defendant, Counter Claimant,
    Cross Claimant, and Third-Party
    Plaintiff,

vs.

BRENNTAG GREAT LAKES, L.L.C.,

    Third-Party Defendant.

Case No. 4:07-CV-02039-HEA

## STIPULATED PROTECTIVE ORDER

**1.   PURPOSES**

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted;

WHEREAS, such confidential information must be protected in order to preserve the legitimate business or privacy interests of the parties or other persons;

WHEREAS, the parties, through counsel, have stipulated to the entry of this Protective Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information;

WHEREAS, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection that it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential;

WHEREAS, the parties have established good cause for entry of this Order; IT IS HEREBY ORDERED that:

## 2. DEFINITIONS

2.1  Party: any party to this action, including all of its officers, directors, and employees.

2.2  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), such as "a trade secret or other confidential research, development, or commercial information."

2.4  "Highly Confidential - Attorneys' Eyes Only" Information or Items: "Confidential Information or Items" that a party believes should generally not be disclosed to a director, officer or employee of another party because the information or tangible things contain extremely sensitive information (e.g., competitively sensitive financial data, manufacturing information, formulation data and current and future business and marketing plans) whose disclosure would create a substantial risk of serious or competitive injury.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information or item that it produces in disclosures or in responses to discovery.

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    In-House Counsel: attorneys who are employees of a Party or an insurer or indemnitor of a Party.

2.11    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. This

Stipulation and Order do not extend to documents and/or information voluntarily provided by third parties who were not under the compulsion of a subpoena at the time they provided such documents and/or information.

## 4. DURATION

The confidentiality obligations imposed by this Order shall remain in effect after the termination of this litigation until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party, to the extent practicable, affix the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only" at the top or bottom of each page that contains protected material.

-4-

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential - Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential - Attorneys' Eyes Only") at the top or bottom of each page that contains Protected Material.

(b) for testimony given in depositions or in other pretrial or trial proceedings, designation of the portion of the transcript which contains Protected Material shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party to whose Protected Material the deponent had access. Such review by counsel shall occur within ten (10) days after counsel's receipt of the transcript.

Only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by the provisions of this Stipulated Protective Order. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "Highly Confidential - Attorney's Eyes Only" information. If no designation is made within ten (10) days after receipt of the transcript, the transcript shall be considered not to contain any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

5.3    Inadvertent Failures to Designate. The inadvertent or unintentional disclosure by the producing party of Protected Material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter; provided that the producing party shall, within ten (10) days of the producing party's first discovery of the inadvertent or unintentional disclosure, notify the receiving party in writing that the information is Protected Material and was inadvertently or unintentionally disclosed. Such notification shall constitute a designation with respect to all copies of the documents or other material containing the information as Protected Material, respectively. Upon such notice, counsel for the parties shall cooperate to the extent practicable in restoring the confidentiality of the Protected Material. If Protected Material is disclosed by a Producing Party subsequent to that Producing Party's first discovery of an inadvertent or unintentional disclosure, the provisions of this paragraph will not apply to that subsequent inadvertent or unintentional disclosure.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. A party shall not be obligated to challenge the propriety of any confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any stage of these proceedings with such designation, such party shall provide to the Producing Party ten (10) days' prior written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court following the specified ten (10) day period. The burden of proving that information has been properly designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material is on the party making such designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Nothing in this Order shall preclude any party to the lawsuit or their attorneys from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the party itself has designated as Protected Material.

The recipient of any Protected Material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

7.2 Disclosure of "Confidential" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as their associated attorneys, paralegals, clerical staff, and professional vendors;

(b) the Receiving Party's In-House Counsel (as well as their support staff) to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c) Experts, as defined in this Order, and including their employees and support personnel, to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(d) the Parties, for the sole purpose of assisting in, or consulting with respect to, the prosecution or defense of this litigation, including witnesses or potential witnesses in good-faith

-7-

3026872v1

preparation for and/or during depositions, trial or pretrial hearings in this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(e)     the Court and its personnel;

(f)     Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by the Protective Order;

(g)     the author or original source of the document or information, and the recipients of the document or information; and

(h)     Non-party witnesses or potential witnesses and their counsel, during the parties' investigation and in preparation for and/or during depositions, trial or pretrial hearings in this litigation, provided that counsel for the party intending to disclose Confidential Information has a good-faith and reasonable basis for believing that such Confidential Information is relevant to specific events, transactions, discussion, communications or data about which the witness is expected to testify, and the witness has signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, and further provided that such witness shall review Confidential Information only in the presence of Counsel or electronically, in the form of a copy protected CD-ROM, portable hard disk drive, or flash drive, which the witness will return to Counsel following review. In no event shall any such witness be permitted to permanently retain copies of Confidential Information.

7.3     Disclosure of "Highly Confidential - Attorneys' Eyes Only" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designed "Highly Confidential - Attorneys' Eyes Only" only to:

(a)     the Receiving Party's Outside Counsel in this action, as well as their associated attorneys, paralegals, clerical staff, and professional vendors;

- 8 -

(b) the Receiving Party's In-House Counsel who have responsibility for this litigation, (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts, as defined in this Order, and including their employees and support personnel, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by the Protective Order; and

(f) the author of the document or original source of the information, including the Producing Party.

7.4 <u>Disclosure of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information or Items at a Deposition.</u>

In the event that any question is asked at a deposition with respect to which a Party asserts, on the record, that the answer requires the disclosure of "Confidential" Information or Items, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present who are not otherwise bound by this Order shall be advised of and asked to evidence their agreement to the terms and conditions of this Order on the record. If any such person, other than the witness, declines to do so, they shall leave the room during the time in which the "Confidential" Information or Items is disclosed or discussed. In the case of "Highly Confidential – Attorneys' Eyes Only" Information or Items, the witness shall be asked to evidence his or her agreement to the terms and conditions of this Order on the record, but shall nonetheless answer questions requiring the disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items fully and completely. Additionally, at the request of the Designating Party or non-party, all persons, other than the witness, who are not allowed to

obtain "Highly Confidential – Attorneys' Eyes Only" Information or Items shall leave the room during the time in which such information is disclosed or discussed.

    7.5    <u>Procedures for Signing, Retention, and Disclosure of "Agreements to Be Bound by Protective Order"</u>

Signed copies of the "Agreements to Be Bound by Protective Order" shall be obtained by Outside Counsel prior to providing access to Protected Material to persons allowed to obtain such information pursuant to Sections 7.2(b), (c), (d), or (h) and 7.3(b) or (c), and kept in such Outside Counsel's files. During the course of the action, a Party may request in writing that another Party or non-party confirm in writing whether a specific person has signed the "Agreement to Be Bound by Protective Order", and such information shall be furnished to Outside Counsel for the requesting Party upon a showing of good cause by the requesting Party. Additionally, after the termination of the action, a Party may request in writing that another Party or non-party provide a list of persons executing the "Agreement to Be Bound by Protective Order," and such information shall be furnished to Outside Counsel for the requesting Party upon a showing by the requesting Party that its Protected Material has been disclosed in a manner inconsistent with this Stipulated Protective Order, and the requesting Party has made reasonable efforts to determine the source of the disclosure and has been unable to do so. In the event of a dispute between the Parties about the disclosure of the identity of persons executing the "Agreement to Be Bound by Protective Order," the parties will submit the matter to the Court in the form of simultaneous, *in camera* filings, and the Court will determine whether the information sought shall be disclosed to the requesting Party.

**8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by email or facsimile, if possible) immediately and in no event

more than ten (10) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must within ten (10) days (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL

A Party may not file any Protected Material in the public record in this action without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons. A Party that seeks to file any Protected Material must comply with applicable Court rules for filing such material under seal.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, including but not limited to a final judgment entered herein, a settlement, or the date when all appeals are resolved, each Receiving Party must return all Protected Material to the Producing Party or destroy some or all of the Protected Material instead of returning it. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

Within thirty (30) days after this case is closed in this Court after the entry of a final judgment (including resolution of appeals or petitions for permission to appeal), any Party may move for a Court Order, with regard to any Protected Material contained in the Court file, that either the seal be extended for a specified additional time period or any sealed documents be returned to the filing party as provided in E.D. Mo. Local Rule 13.05. Any documents that are not withdrawn from the Court file will be subject to this Court's rules and procedures governing the disposition of such documents, including but not limited to Local Rule 13.05.

## 12. MISCELLANEOUS

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives its right or otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3  Trial Procedures. Counsel shall attempt in good faith to agree upon procedures to protect the confidentiality of Protected Material at any hearing or trial. Prior to such hearing or trial, counsel shall submit proposed procedures, including any disputes relating thereto, to the Court for its approval or modification.

12.4  Inadvertent Disclosure of Privileged Information. In the event that a party inadvertently produces information that is protected by the attorney-client privilege, work product doctrine or any other privilege, within ten (10) days after the Producing Party or third party discovers the inadvertent disclosure, the Producing Party or third party may make a written request to the other parties to return the inadvertently produced privileged information. All parties who received the inadvertently produced information will either return the material to the Producing Party or third party or destroy the material immediately upon receipt of the written request. By returning or destroying the material, the receiving parties are not conceding that the material is privileged and are not waiving their right to later challenge the substantive privilege claim; except that they may not challenge the privilege claim by arguing that the inadvertent production waived the privilege.

12.5  Applicability to Non-Parties. In the event that a party seeks discovery from a non-party in this suit, the non-party may invoke the terms of this Order with respect to any Protected Material provided to the parties by so advising all parties to this suit in writing.

12.6     Expert Discovery. For purposes of this litigation, discovery of experts shall be in accordance with Fed. R. Civ. P. 26 and applicable case law, except that the following categories of documents, data, information, communications, or materials need not be disclosed by the parties or their experts, and are outside the scope of permissible discovery (including deposition questions):

   a.  Drafts of expert reports, affidavits, declarations, or written testimony related to the expert's report or opinions;

   b.  Notes of discussions regarding a draft or final expert report, affidavit, declaration, or written testimony prepared, unless the expert witness is relying upon the aforementioned notes as part of his/her opinions in this matter; and

   c.  Any oral or written communication between an expert witness and (i) the expert's assistants, clerical or support staff, and/or (ii) attorneys for the party offering the testimony of such expert related to the expert's report or opinions in this litigation, unless the expert witness is relying upon the aforementioned communications as part of his/her opinions in this matter.

The undersigned counsel of record for the parties hereby stipulate and consent to entry of the foregoing Stipulated Protective Order.

Date: July 24, 2008.

| SHOOK, HARDY & BACON L.L.P. | LEWIS, RICE & FINGERSH, L.C. |
|---|---|
| By: /s/ Laurie A. Novion<br>TODD W. RUSKAMP, #43532<br>truskamp@shb.com<br>LAURIE A. NOVION, (admitted *pro hac vice*)<br>lnovion@shb.com<br>EDWARD O. GRAMLING, #498626<br>egramling@shb.com<br>2555 Grand Blvd.<br>Kansas City, MO 64108-2613<br>Telephone: 816/474-6550<br>Facsimile: 816/421-5547<br><br>and | By: /s/ C. David Goerisch<br>*(signed w/permission by filing counsel)*<br>ANDREW ROTHSCHILD, #4214<br>arothschild@lewisrice.com<br>THOMAS P. BERRA, JR., #27524<br>tberra@lewisrice.com<br>C. DAVID GOERISCH, #77207<br>dgoerisch@lewisrice.com<br>JAMI L. BOYLES, #109903<br>jboyles@lewisrice.com<br>500 North Broadway, Suite 2000<br>St. Louis, MO 63102<br>Telephone: 314/444-7600<br>Facsimile: 314/241-6056<br><br>and |

HEPLER, BROOM, MacDONALD,
HEBRANK, TRUE & NOCE, LLC
GERARD T. NOCE, #3957
gtn@heplerbroom.com
MATTHEW H. NOCE, #520678
mhn@heplerbroom.com
800 Market Street, Suite 2300
St. Louis, MO 63101
Telephone: 314/241-6160
Facsimile: 314/241-6116

**Attorneys for Plaintiffs GlaxoSmithKline Consumer Healthcare, L.P. and SmithKline Beecham Corporation d/b/a GlaxoSmithKline**

HAAR & WOODS, LLP
SUSAN E. BINDLER, #36548
susanbindler@haar-woods.com
ROBERT T. HAAR, #3297
roberthaar@haar-woods.com
1010 Market Street, Suite 1620
St. Louis, MO 63101
Telephone: 314/241-2224
Facsimile: 314/241-2227

and

FOLEY & LARDNER, L.L.P.

By: /s/ Joanne Lee
   *(signed w/permission by filing counsel)*
JAMES D. DASSO
jdasso@foley.com
MICHAEL S. BAIG
mbaig@foley.com
JOANNE LEE
jlee@foley.com
321 North Clark, Suite 2800
Chicago, IL 60610
Telephone: 312/832-4500
Facsimile: 312/832-4700

**Attorneys for Defendant, Counterclaimant, Crossclaimant and Third-Party Plaintiff Bay Valley Foods, LLC**

ARMSTRONG TEASDALE LLP
LYNN W. HURSH, #224176
lhursh@armstrongteasdale.com
RICHARD B. SCHERRER, #4279
rscherrer@armstrongteasdale.com
JACQUELINE ULIN LEVEY
jlevy@armstrongteasdale.com
One Metropolitan Square, Suite 2600
St. Louis, MO 63102-2740
Telephone: 314/621-5070
Facsimile: 314/621-5065

**Attorneys for Defendant and Crossclaim Defendant ICL Performance Products LP**

GALLOP, JOHNSON & NEUMAN, L.C.

By: /s/ Ronald L. Hack
   *(signed w/permission by filing counsel)*
RONALD L. HACK
rlhack@gjn.com
ANDREW D. DILLON
addillon@gjn.com
101 S. Hanley, Suite 1600
St. Louis, MO 63105
Telephone: 314/615-6000
Facsimile: 314/615-6001

**Attorneys for Third Party Defendant Brenntag Great Lakes, LLC**

- 15 -

3026872v1

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 7-25-08

*[signature]*
Judge Henry Edward Autrey
United States District Court
Eastern District of Missouri

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____ [name], of _____ _____ [company, full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Missouri on _____ [date] in the case of *GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P. AND SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE v. ICL PERFORMANCE PRODUCTS, LP, ET AL.*, Case No.: 4:07-CV-02039-HEA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subjection to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to subject to the jurisdiction of the United States District Court for the Eastern District of Missouri for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Signature: _____