UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLAXOSMITHKLINE CONSUMER ) <br> HEALTHCARE, L.P. and SMITHKLINE ) <br> BEECHAM CORPORATION d/b/a ) <br> GLAXOSMITHKLINE, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br>   vs. ) <br>   ) <br> ICL PERFORMANCE PRODUCTS, LP ) <br> and BAY VALLEY FOODS, LLC, ) <br>   ) <br>   Defendants. ) <br>   ) <br> BAY VALLEY FOODS, LLC, ) <br>   ) <br>   Third Party Plaintiff, ) <br>   ) <br>   vs. ) <br>   ) <br> BRENNTAG GREAT LAKES, LLC, ) <br>   ) <br>   Third Party Defendant. ) <br>   ) <br> BRENNTAG GREAT LAKES, LLC, ) <br>   ) <br>   Fourth Party Plaintiff, ) <br>   ) <br>   vs. ) <br>   ) <br> ICL PERFORMANCE PRODUCTS, LP, ) <br>   ) <br>   Fourth Party Defendant. ) | Case No. 4:07CV2039 HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Fourth Party Defendant ICL Performance

Products, LP's, (ICL), Motion to Dismiss Count IV of Fourth Party Plaintiff

Brenntag Great Lakes, LLC's (Brenntag) Fourth Party Complaint for Equitable Indemnity, [Doc. No. 46]. Brenntag opposes the motion. For the reasons set forth below, the Motion is denied.

## **Facts and Background**[1]

As previously set forth in this Court's Opinion, Memorandum and Order dated March 31, 2008, Plaintiffs filed an Amended Petition in the Circuit Court of City of St. Louis, Missouri against Defendant ICL and Bay Valley Foods, Inc. (Bay Valley), alleging breach of the implied warranty of merchantability against ICL, (Count I), breach of the implied warranty of fitness for a particular purpose against ICL, (Count II), negligence against ICL, (Count III), breach of contract against Bay Valley, (Count IV), breach of express warranties against Bay Valley, (Count V),

---

[1] This recitation of facts is set forth for the purposes of this Motion only, and in no way relieves any party of the necessary proof of any fact stated herein.

As set forth in this Court's Order of March 31, 2008, the factual allegations are as follows: Plaintiffs sell an over the counter fiber laxative called Citrucel, which contains an orange flavoring mix or base. Plaintiffs purchase the orange flavoring base from Defendant Bay Valley. Bay Valley obtains one of the raw materials used in the manufacture of that orange flavoring base, dicalcium phosphate, from ICL's manufacturing facility. The dicalcium phosphate manufactured by ICL was sold to Brenntag, which in turn sold it to Bay Valley. This orange flavoring base is shipped to JB Laboratories, (JBL), to be mixed with active ingredients from Dow Chemicals, (Dow), and is then packaged and distributed to Plaintiffs' customers.

During a routine screening of the Citrucel products, JBL discovered a copper filament in the product, and an investigation revealed that the copper filament came from the dicalcium phosphate manufactured by ICL. On July 22, 2005, an elevator bucket at ICL's Carondelet, Missouri manufacturing facility struck an in-process probe causing copper filament to be distributed into the dicalcium phosphate product used by Plaintiffs in the manufacturing of orange flavored Citrucel.

breach of implied warranty of merchantability against Bay Valley, (Count VI), and breach of implied warranty of fitness for a particular purpose against Bay Valley, (Count VII). Defendants removed this action on the basis of federal question jurisdiction, 28 U.S.C. § 1331.

On January 7, 2008, Defendant Bay Valley Foods, Inc., (Bay Valley) filed a third party complaint (along with a counterclaim against Plaintiff and a cross claim against against ICL) against Brenntag for Breach of Contract, (Count I); Breach of Implied Warranty of Merchantability (Count II); Breach of Implied Warranty of Fitness for a Particular Purpose, (Count III); and Contractual Indemnification, (Count IV).

Brenntag thereafter filed a Fourth Party Complaint against ICL for breach of contract, (Count I), breach of implied warranty of merchantability, (Count II), breach of implied warranty of fitness for a particular purpose, (Count III), and "Equitable Indemnity," (Count IV). ICL now moves to dismiss Count III pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **Motion to Dismiss Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the

Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.

*Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

### **Discussion**

ICL moves to dismiss Count IV arguing that a claim for "equitable indemnity" fails to state a claim in that it does not establish a legal basis for any duty owed by ICL. ICL further argues that "equitable indemnity" only arises in the context of tort litigation; absent a tort claim, there can be no claim for equitable indemnity. Brenntag argues that equitable indemnity is not limited to tort claims, rather, it can also arise in breach of contract/warranty cases as well.

ICL's focus is limited to the label attached to Count IV. Although Brenntag styled Count IV "Equitable Indemnity," on closer analysis, it becomes apparent that Brenntag is seeking recovery on an implied indemnity theory based on breaches of the alleged warranties from ICL to Brenntag.

"Non-contractual indemnity is a right which allows one who without any fault on his or her part is exposed to liability because of the wrong-doing of another to recover from the wrong-doer what he or she has been compelled to pay." *Purk,* 817 S.W.2d at 917 (citing *Campbell,* 379 S.W.2d at 559).

> The right to implied indemnity depends upon the principle that everyone is responsible for the consequences of his own wrong, and if others have been compelled to pay damages which ought to have been paid by the wrongdoer they may recover from him." *See City of St.*

*Joseph v. Kaw Valley Tunneling, Inc.,* 660 S.W.2d 26, 30 (Mo.App.1983), citing *Hunter v. De Luxe Drive-In Theaters, Inc.,* 257 S.W.2d 255, 259 (Mo.App.1953); *City of Springfield v. Clement,* 205 Mo.App. 114, 126, 225 S.W. 120, 125 (1920); RESTATEMENT OF RESTITUTION § 76 (1937). Under Missouri law, the doctrine of implied indemnity applies only where an identical duty owed by one is discharged by the other. *Id.* (internal citations omitted). In other words, "the doctrine is inapplicable unless the indemnitee and indemnitor have co-extensive, identical duties." *Denny's Inc., WDH Serv. v. Avesta Enterprises, Ltd.,* 884 S.W.2d 281 (Mo.App.1994), citing to *St. Joseph,* 660 S.W.2d at 31

*Global Petromarine v. G.T. Sales & Mfg., Inc.,* 2008 WL 695395, 7 (W.D.Mo. 2008).

Count IV alleges the following:

ICL had a duty to supply dicalcium phosphate that was not contaminated by the presence of copper filament and to pay for damages proximately caused by ICL's failure to perform its duty.

ICL breached its duty.

By acquiring dicalcium phosphate from ICL and selling said dicalcium phosphate to Bay Valley, Brenntag acquired a duty to supply dicalcium phosphate that was not contaminated by the presence of copper filament and to pay for damages proximately caused by a failure to perform this duty.

If the dicalcium phosphate manufactured by ICL and supplied to Brenntag is determined by a trier of fact not to conform to ICL's standard specifications or not to have been produced in compliance with applicable federal and state law, to have been unfit for the particular purpose for which it was used, unmerchantable, adulterated or otherwise defective, the presence of copper filament in the dicalcium phosphate manufactured by ICL and supplied to Brenntag and not any action or inaction by Brenntag rendered it unfit, unmerchantable, adulterated or defective and, by acquiring said product from ICL and supplying it to Bay Valley, Brenntag became liable to Bay Valley.

If Brenntag is required to pay damages to Bay Valley, Brenntag will have performed ICL's duty.

If ICL does not reimburse Brenntag, ICL will be unjustly enriched.

These allegations are sufficient to satisfy the pleading requirements of the Federal Rules of Civil Procedure for setting forth a claim for indemnity. The issue of proof is not before the Court at this time and the Court's review is limited to the sufficiency of the allegations. Brenntag alleges that ICL had a duty to supply non-contaminated dicalcium phosphate; Brenntag alleges that it too had a duty to supply non-contaminated dicalcium phosphate by reason of acquiring the dicalcium phosphate from ICL; Benntag alleges that it may become liable to Plaintiffs because of the dicalcium phosphate supplied by ICL and that ICL should indemnify it because of ICL's alleged wrong doing. The reasonable inference from these allegations is that both ICL and Brenntag had the same duty of supplying non-contaminated dicalcium phosphate. These allegations are sufficient to set forth a plausible claim against ICL and to apprise ICL of the claim under Rule 8.

## Conclusion

Based upon the foregoing, Count IV is sufficient to withstand ICL's Motion to Dismiss. The Court will, however, strike "equitable" from Count IV of Brenntag's Fourth Party Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Fourth Party Defendant ICL Performance

Products, LP's, (ICL), Motion to Dismiss Count IV of Fourth Party Plaintiff Brenntag Great Lakes, LLC's (Brenntag) Fourth Party Complaint for Equitable Indemnity, [Doc. No. 46], is **DENIED**.

**IT IS FURTHER ORDERED** that the word "equitable" is stricken from Count IV of Brenntag's Fourth Party Complaint.

Dated this 23rd Day of October, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE