UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLAXOSMITHKLINE CONSUMER ) <br> HEALTHCARE, L.P. and SMITHKLINE ) <br> BEECHAM CORPORATION d/b/a ) <br> GLAXOSMITHKLINE, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     vs. ) <br> ) <br> ICL PERFORMANCE PRODUCTS, LP ) <br> and BAY VALLEY FOODS, LLC, ) <br> ) <br>     Defendants. ) <br> ) <br> BAY VALLEY FOODS, LLC, ) <br> ) <br>     Third Party Plaintiff, ) <br> ) <br>     vs. ) <br> ) <br> BRENNTAG GREAT LAKES, LLC, ) <br> ) <br>     Third Party Defendant. ) <br> ) <br> BRENNTAG GREAT LAKES, LLC, ) <br> ) <br>     Fourth Party Plaintiff, ) <br> ) <br>     vs. ) <br> ) <br> ICL PERFORMANCE PRODUCTS, LP, ) <br> ) <br>     Fourth Party Defendant. ) | Case No. 4:07CV2039 HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Fourth Party Plaintiff, Brenntag Great

Lakes, LLC's (Brenntag), Motion to Dismiss Fourth Party Defendant ICL

Performance Products, LP's, (ICL), Counterclaims, [Doc. No. 98], and Defendant Bay Valley Foods, LLC, (Bay Valley), Motion to Dismiss ICL's Cross-claim, [Doc. No. 105]. ICL opposes the motions. For the reasons set forth below, Brenntag's Motion is granted in part and denied in part. Bay Valley's Motion is granted.

**Facts and Background**

The facts and background of this matter are set forth in the Court's previous Opinions and will not be reiterated here, except to the extent necessary for the purposes of this opinion.

**Motion to Dismiss Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of

course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

## Discussion

Brenntag and Bay Valley seek to dismiss ICL's counterclaims and cross-

claims for contribution and indemnity because there are no tort claims remaining in this action, and therefore, neither Brenntag nor Bay Valley is a joint tortfeasor subject to contribution. Moreover, Brenntag and Bay Valley also argue that *even if* ICL's claims could be classified as tort claims, no recovery may be had because of the economic loss doctrine.[1]

Likewise, Brenntag seeks dismissal of ICL's indemnity claims under the same reasoning, *i.e.*, because the indemnification claim is predicated on a negligence theory, there can be no indemnification.

The Court agrees with Brenntag and Bay Valley with respect to contribution.

Although the terms indemnity and contribution are often conflated or used interchangeably, they are separate and distinct concepts. *SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP*, 128 S.W.3d 534, 539 (Mo.App.2003); see generally 18 Am Jur 2d, Contribution § 2; 18 C.J.S. Contribution § 2. Contribution seeks to distribute loss among joint tortfeasors by requiring each to pay his proportionate share. *Id*. To invoke contribution, the parties must share a common liability and the party seeking contribution "has discharged more than his fair share of the common liability of burden." *Id*. It is the right of one who has discharged a common liability or burden to recover of another, also liable, the portion he ought to pay or bear. See generally 18 Am Jur 2d,

---

[1] This Court has previously held that Plaintiff may not recover against ICL for any alleged tort because Plaintiff's damages are purely economic in nature and under the economic loss doctrine, a party may not recover such damages. See Opinion, Memorandum and Order dated March 31, 2008.

Contribution § 1; 18 C.J.S. Contribution § 2; see also *Rowland v. Skaggs Companies, Inc.*, 666 S.W.2d 770, 773 (Mo.1984). The right to contribution "serves to rectify the unjust enrichment that occurs when one tortfeasor 'discharges a burden which both in law and conscience was equally the liability of another.'" *Rowland*, 666 S.W.2d at 773 quoting Lefar, "Contribution and Indemnity Between Tortfeasors," 81 U.Pa.L.Rev. 130, 138 (1932). Indemnity is not applicable where there is a shared or common burden. Rather, indemnity is applicable where a party is held liable purely by the imputation of law because of the party's relationship to the wrongdoer. *SSM Health Care,* 128 S.W.3d at 539. "Indemnity is a right that inures to the person who has discharged a duty that is owed by him, but which, as between himself and another, should have been discharged by the other, so that if the other does not reimburse the person, the other is unjustly enriched to extent that his liability has been discharged." *Id*. Indemnity is the shifting of responsibility from the shoulders of one person to another. *Safeway Stores v. City of Raytown*, 633 S.W.2d 727, 729 n. 3 (Mo.1982); see generally W. Keeton, Prosser and Keeton on The Law of Torts, § 51 (5th edition, 1984).

Clearly, the cross-claim and counterclaim for contribution fail. There are no tort claims remaining in Plaintiff's Amended Complaint, nor can there be by virtue of the economic loss doctrine.

With respect to the indemnity claim against Brenntag, ICL alleges that by

virtue of a distributor agreement, Brenntag agreed to indemnify ICL. It further alleges that the damages at issue herein were reasonably contemplated by the parties as a probable result of Brenntag's alleged breach of the distributor agreement. These allegations are sufficient to satisfy the pleading requirements of the Federal Rules of Civil Procedure for setting forth a claim for indemnity. The issue of proof is not before the Court at this time and the Court's review is limited to the sufficiency of the allegations. The allegations are sufficient to set forth a plausible claim against Brenntag and to apprise Brenntag of the indemnity claim under Rule 8.

## Conclusion

Based upon the foregoing, Brenntag's Motion is granted in part and denied in part. Bay Valley's Motion is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Fourth Party Plaintiff, Brenntag Great Lakes, LLC's (Brenntag), Motion to Dismiss Fourth Party Defendant ICL Performance Products, LP's, (ICL), Counterclaims, [Doc. No. 98], is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant Bay Valley Foods, LLC, (Bay Valley), Motion to Dismiss ICL's Cross-claim, [Doc. No. 105], is **GRANTD**.

**IT IS FURTHER ORDERED** that the cross-claim and counter-claim filed

by ICL against Brenntag and Bay Valley, respectively, are **DISMISSED**.

Dated this 5th day of February, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE