UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P. and SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:07CV2039 HEA |
| ICL PERFORMANCE PRODUCTS, LP and BAY VALLEY FOODS, LLC, ) ) ) | |
| Defendants. ) ) | |
| ICL PERFORMANCE PRODUCTS, LP BAY VALLEY FOODS, LLC, ) ) ) | |
| Third Party Plaintiffs, ) ) | |
| vs. ) ) | |
| BRENNTAG GREAT LAKES, LLC, SIRATSA, LLC, f/k/a ASTARIS, LLC, FMC CORPORATION, SOLUTIA, INC. ) ) ) ) | |
| Third Party Defendants. ) ) | |
| BRENNTAG GREAT LAKES, LLC, ) ) | |
| Fourth Party Plaintiff, ) ) | |
| vs. ) ) | |
| ICL PERFORMANCE PRODUCTS, LP, ) ) | |
| Fourth Party Defendant. ) ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on FMC Corporation, Siratsa, LLC and Solutia, Inc.'s Motion to Dismiss Bay Valley Foods, LLC's Claims Against Them, [Doc. No. 128]; Siratsa LLC's Motion to Dismiss Plaintiffs' Claims Against It, [Doc. No. 130]; and FMC Corporation, Siratsa, LLC and Solutia, Inc.'s Motion to Dismiss Brenntag Great Lakes, LLC's Cross claims, [Doc. No. 132]. The motions are all opposed. For the reasons set forth below, the Motions to dismiss Bay Valley's claims and Plaintiffs' claims are denied. The Motion to dismiss Brenntag's claims is granted in part and denied in part.

## **Facts and Background**[1]

The facts and background of this matter are set forth in the Court's previous Opinions and will not be reiterated here, except to the extent necessary for the purposes of this opinion.

Plaintiff discovered copper wire in flavoring mix used in its Citrucel Orange Powder and Citrucel Orange Sugar-Free Powder products. The copper wire contamination was traced to a component of the flavoring mix, dicalcium phosphate. The dicalcium phosphate was manufactured and sold either by Siratsa or ICL.

The dicalcium phosphate was sold by ICL or Siratsa to Brenntag, then to Bay Valley, incorporated into Bay Valley's orange flavoring mix, then shipped to JB Laboratories. JB Laboratories combined the orange flavoring mix with the active

---

[1] This recitation of facts is taken from the pleadings before the Court and is set forth for the purposes of these motions only. This recitation in no way relieves any party of the necessary proof of any fact in later proceedings.

ingredient from Dow Chemicals, then packaged and distributed the Citrucel products.

Siratsa sold the facility at which it manufactured dicalcium phosphate to ICL in late 2005 through an Asset Purchase Agreement. This Agreement divides certain liabilities among ICL and Siratsa and ICL obtained indemnification rights against FMC, Solutia and Astaris (Siratsa) under this Agreement.

## **Motion to Dismiss Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has determined that *Conley v. Gibson's,* 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior

rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

Moreover, "[w]hen ruling on a motion to dismiss under Rule[ ] 12(b)(6)..., a district court generally may not consider materials outside the pleadings." *Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir.2008). "It may, however, consider ... materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" *Id.* (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999)). See also *Tellabs, Inc. v. Makor*

*Issues & Rights, Ltd.*, 551 U.S. 308 (2007) (when considering Rule 12(b)(6) motion to dismiss, court may examine documents incorporated into complaint by reference).

**Discussion**

FMC Corporation, Solutia Inc. and Siratsa LLC, (f/k/a Astaris, LLC) (collectively, the Siratsa Defendants) move to dismiss Bay Valley's claims against them based on the disclaimer of warranties found in the Distributor Agreement entered into between Brenntag and Astaris. Siratsa, f/k/a Astaris, moves to dismiss Plaintiffs' claims against it because it argues that as a component manufacturer, it cannot be held liable for breach of implied warranties to Plaintiffs when there is no privity of contract between these parties. Siratsa also bases its motion to dismiss Plaintiffs claims on the Brenntag-Astaris Distributor Agreement. The Siratsa Defendants seek dismissal of Brenntag's crossclaims: based on implied warranties because of the Distributor Agreement; based on implied indemnity because they claim Brenntag has not, and cannot allege, the required elements for such a claim, and based on breach of contract as to FMC and Solutia because neither of these parties entered into a contract with Brenntag.

**Consideration of Distributor Agreement**

Movants have attached a copy of a Distributor Agreement which was entered into between Brenntag and Astaris on October 29, 2004. Movants ask the Court to

consider the disclaimer provisions of this Distributor Agreement and find that the disclaimers are effective as against Bay Valley, Plaintiffs and Brenntag. Movants argue that consideration of the Distributor Agreement is appropriate in analyzing their Motions to Dismiss under Rule 12(b)(6) because the Distributor Agreement is a document that is "necessarily embraced by the pleadings."

Initially, it should be noted that in ruling on motions to dismiss, the Court *may* consider certain materials outside the pleadings.[2] That is, the Court is not *required* to do so. Indeed, in the event the Court considers matters outside the pleadings when addressing the merits of a motion to dismiss which do not fall within the limited exceptions, the motion must be converted to a motion for summary judgment.

> Rule 12(b) is not permissive. "[T]he motion *shall* be treated as one for summary judgment ...." *Id.* (emphasis added). "Most courts ... view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir.1992) (quoting Wright & Miller, Federal Practice and Procedure § 1366). This interpretation of the rule is "appropriate in light of our prior decisions indicating a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint." *Gibb*, 958 F.2d at 816. There must be reliance by the district court on the matters outside the pleading before it can be said that a motion to dismiss has been converted into one for summary judgment. *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir.2002).

---

[2] Such items as those materials those that do not contradict the complaint, are public records or are "necessarily embraced by the pleadings."

*BJC Health System v. Columbia Cas. Co.,* 348 F.3d 685, 687-68 (8th Cir. 2003).

The Court concludes that the Distributor Agreement provided to the Court constitutes a matter outside the pleading. The document may or may not be the only legal agreements relevant to the warranties allegedly disclaimed. Furthermore, the document was provided "in opposition to the pleading." For what purpose would Movants have provided the document to the Court, other than to discredit and contradict the allegations against them? Movants' contention that the document is necessarily embraced by the pleadings is insufficient to establish that the Court should consider it in its consideration of the sufficiency of the claims against Movants. *Id.*

At some point in this litigation it may become necessary for the Court to determine whether Movants are entitled to judgment based on the Distributor Agreement. At this stage of the litigation, however, the Court is not at liberty to consider the arguments propounded based upon matters outside the pleadings, as the Court's inquiry is limited to the sufficiency of those pleadings. As such, the Motions to Dismiss based on the disclaimers found in the Distributor Agreement must be denied.

**Component Manufacturer Not in Privity of Contract between the Parties**

Siratsa seeks dismissal of Plaintiffs' claims against it based on a lack of

privity argument. Siratsa argues that Plaintiffs may not recover against it under any implied warranties and remedies found in the Uniform Commercial Code because Plaintiffs are remote purchasers of the component part of the finished product. Siratsa argues that it, as a component manufacturer, cannot be held liable for breach of implied warranties to Plaintiffs, remote purchasers, because there is no privity of contract between Siratsa and Plaintiffs.

The Court agrees with Plaintiffs that this issue is not appropriate for dismissal under Rule 12(b)(6) at this time. As Plaintiffs observe, there are a number of factual conditions which may obviate privity, notwithstanding Plaintiffs' lack of pleading of any specific factual basis for same. Plaintiffs have alleged a breach of the implied warranty of merchantability against Siratsa, thereby putting it on notice of their claims. Plaintiffs allege they used Siratsa's dicalcium phosphate for its ordinary and particular purpose and that it was not fit for its ordinary purpose. Plaintiffs further allege that the dicalcium phosphate was not fit for its ordinary or particular purposes by reason of the copper wire filaments contained therein. From these allegations, Plaintiffs claim that Siratsa breached the implied warranties of which Plaintiffs claim entitlement. Rule 12(b)(6) is not the proper vehicle through which to resolve possible shortcomings of Plaintiffs' claims for breach of implied warranties.

**Implied Indemnity**

The Siratsa Defendants and Brenntag agree, and this Court has previously

articulated, the standard for implied indemnity can be stated as follows:

"Non-contractual indemnity is a right which allows one who without any fault on his or her part is exposed to liability because of the wrong-doing of another to recover from the wrong-doer what he or she has been compelled to pay." *Purk v. Purk,* 817 S.W.2d 915, 917 (Mo.App. 1991) (citing *Campbell v. Preston,* 379 S.W.2d 557, 559 (Mo. 1964)).

> The right to implied indemnity depends upon the principle that everyone is responsible for the consequences of his own wrong, and if others have been compelled to pay damages which ought to have been paid by the wrongdoer they may recover from him." *See City of St. Joseph v. Kaw Valley Tunneling, Inc.,* 660 S.W.2d 26, 30 (Mo.App.1983), citing *Hunter v. De Luxe Drive-In Theaters, Inc.,* 257 S.W.2d 255, 259 (Mo.App.1953); *City of Springfield v. Clement,* 205 Mo.App. 114, 126, 225 S.W. 120, 125 (1920); RESTATEMENT OF RESTITUTION § 76 (1937). Under Missouri law, the doctrine of implied indemnity applies only where an identical duty owed by one is discharged by the other. *Id.* (internal citations omitted). In other words, "the doctrine is inapplicable unless the indemnitee and indemnitor have co-extensive, identical duties." *Denny's Inc., WDH Serv. v. Avesta Enterprises, Ltd.,* 884 S.W.2d 281 (Mo.App.1994), citing to *St. Joseph,* 660 S.W.2d at 31

*Global Petromarine v. G.T. Sales & Mfg., Inc.,* 2008 WL 695395, 7 (W.D.Mo. 2008).

Considering the crossclaims in the light most favorable to Brenntag, as the Court must in a Rule 12(b)(6) motion determination, the Court finds that the crossclaims satisfy Rule 8 with respect to the allegations of implied indemnification. While the Movants argue that the alleged warranties set forth are "substantially

different," a review of the pleadings establishes that Brenntag is claiming the same express warranties regarding the products as did Bay Valley, *i.e.* that they conformed to specifications, free from defects.

**Breach of Contract**

Brenntag's crossclaim alleges that FMC and Solutia breached an alleged contract with Brenntag. Unlike the Distributor Agreement, the parties do not dispute the terms of the Asset Purchase Agreement. Furthermore, Brenntag relies on the Asset Purchase Agreement in support of its breach of contract claim. This is precisely the type of material envisioned by the courts as "material embraced by the pleadings." Consideration of the terms of the Asset Purchase Agreement is therefore permissible.

Brenntag acknowledges that there is no contract between it and FMC and/or Solutia. Rather, Brenntag suggests that it is a third party creditor beneficiary of the Asset Purchase Agreement entered into between FMC, Solutia, Siratsa (then known as Astaris) and ICL. Under the terms of the Asset Purchase Agreement, ICL bought certain assets, but FMC and Solutia retained certain liabilities for products sold before the Closing date of November 5, 2005. Brenntag further asserts that by virtue of the terms of the Asset Purchase Agreement, FMC and Solutia are each liable for fifty percent of any retained Astaris Liabilities, including liabilities arising out of the business prior to the closing of the sale . Brenntag alleges that FMC and

Solutia are therefore responsible for claims made against Astaris, now Siratsa.

Brenntag relies on certain provisions of the Asset Purchase Agreement to base its claims, however, it ignores other provisions which specifically exclude these claims. FMC and Solutia correctly argue that other sections of the Asset Purchase Agreement preclude Brenntag's breach of contract claim. Section 10.10 of the Agreement provides that the parties

> understand and acknowledge that the provisions of this Section 10.10(d) are intended solely to allocate responsibility for the obligations of the Owners to the Buyer Indemnified Persons under this Agreement. . .

This provision clearly establishes that the retention of liabilities applies solely to the parties to the Agreement and was not intended for the benefit of third parties. Moreover, Section 10.14 of the Agreement specifically sets out the parties' intent to denounce any third party beneficiary claims:

> No Third Party Beneficiaries.
> Nothing herein expressed or implied is intended or shall be construed to confer upon or give any Person, other than the parties hereto and their respective permitted successors or assigns, any legal, equitable or other rights or remedies under or by reason of any provision of this Agreement.

Brenntag simply cannot claim to be a third party beneficiary of the Agreement by virtue of its clear, unambiguous terms which specifically exclude any third party claims. "Only those third parties for whose primary benefit the parties contract may maintain an action." *L.A.C. v. Ward Parkway Shopping Cent. Co.*, 75 S.W.3d 247,

260 (Mo. 2002). The language of the Asset Purchase Agreement clearly negates any claim by Brenntag that it was the party for whom the parties contracted. Brenntag's breach of contract claim against FMC and Solutia must therefore be dismissed.

Based upon the foregoing, the majority of the grounds for the pending Motions cannot be resolved pursuant to Rule 12(b)(6). The claims, with the exception of Brenntag's breach of contract claim against FMC and Solutia, are sufficiently set forth such as to withstand the Motions.

Accordingly,

**IT IS HEREBY ORDERED** that FMC Corporation, Siratsa, LLC and Solutia, Inc.'s Motion to Dismiss Bay Valley Foods, LLC's Claims Against Them, [Doc. No. 128], is **DENIED**;

**IT IS FURTHER ORDERED** that Siratsa LLC's Motion to Dismiss Plaintiffs' Claims Against It, [Doc. No. 130], is **DENIED**;

**IT IS FURTHER ORDERED** that FMC Corporation, Siratsa, LLC and Solutia, Inc.'s Motion to Dismiss Brenntag Great Lakes, LLC's Cross claims, [Doc. No. 132], is granted as to the breach of contract claim against FMC Corporation and

Solutia, Inc., and denied in all other respects.

Dated this 16th day of July, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE